MANUEL CASSASÚS RODRÍGUEZ, Plaintiff and Appellant, *v.*
ESCAMBRÓN BEACH HOTEL, Defendant and Appellee.

No. 61. Decided November 5, 1962.

*Manuel Janer Mendía* and *Beatriz C. Casablanca* for appellant. *René Benítez* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On July 22, 1959 Manuel Cassasús Rodríguez began to work as employee of the Escambrón Beach Hotel under the terms of a labor contract which included a clause of the employment application to the effect that "it is understood that in the event that I am granted the employment, it shall be of a *probationary nature* for a period of one hundred and twenty (120) days, counted from the day I begin to work. After the probationary period expires I shall acquire the status of permanent employee for all purposes if I continue working . . ." The enterprise dispensed with his services prior to the expiration of the aforesaid probationary period.

Represented by the Secretary of Labor, the appellant filed a complaint in the District Court, San Juan Part, in which he claimed the sum of $195, equivalent to one-month salary, alleging that his discharge was unreasonable and with-

out just cause.[1] The appellee alleged in its answer that the removal was due to employee's inefficiency and incompetency,[2] but said court flatly decided—without further reference to the facts—that the employee had been discharged without just cause.

The controversy is reduced to determining whether in view of the terms of the contract which establishes a probationary period, the appellant is protected and covered by the provisions of § 1 of Act No. 50 of April 20, 1949 (Sess. Laws, p. 126), 29 L.P.R.A. § 183, which reads thus:[3]

"Every employee of a commercial establishment or industry or other lucrative business, whose services are *contracted for without a definite term*, who is discharged without just cause, shall be entitled to receive from his employer, in addition to such salary as he may have earned, an indemnity representing one month's salary."

The District Court held that the probationary period in a contract of the nature signed by the appellant does not make

---

[1] In general, as to what constitutes just cause, see *Wolf* v. *Neckwear Corp.*, 80 P.R.R. 519 (1958); *Mercedes Bus Line, Inc.* v. *District Court*, 70 P.R.R. 656 (1949); *Blanes* v. *District Court*, 69 P.R.R. 106 (1948); *Avilés* v. *District Court*, 69 P.R.R. 1 (1948); *P.R. Cap & Tires Sales* v. *District Court*, 68 P.R.R. 370 (1948).

[2] Pursuant to § 3 of Act No. 50 of April 20, 1949 (Sess. Laws, p. 126), 29 L.P.R.A. § 185, it is incumbent on the employer to allege in his answer the facts which gave rise to the discharge and prove that it was justified. *Cf.* Section 24 of Act No. 96 of June 26, 1956 (Sess. Laws, p. 622), 29 L.P.R.A. § 245w (Supp. 1961); *Limardo* v. *Eastern Sugar Associates*, 84 P.R.R. 259 (1961); *Berríos* v. *Eastern Sugar Associates*, 85 P.R.R. 113 (1962).

[3] Act No. 43 of April 28, 1930 (Sess. Laws, p. 356) referred to the services of employees of industries or any other lucrative business whose salary is agreed upon by the month, fortnight or week and granted them in case of discharge the wage corresponding to the unit of work agreed upon. It also provided for previous notice of 15 days. Act No. 84 of May 12, 1943 (Sess. Laws, p. 196), provided for the right to receive one month's salary in the manner of payment provided and the prior notice was eliminated.

As to the employees of commerce and up to the enactment of Act No. 50, of 1949, *supra*, the discharge was governed by § 220 of the Code of Commerce, equivalent to § 302 of the Spanish Code.

said contract one for a definite period. On appeal the Superior Court held an opposite view on the ground that the discharge took place within the probationary period and consequently, it dismissed the complaint.

 In the publication *Vocabulario Obrero-Patronal* prepared by the Department of Labor (1962) p. 30, the terms "permanent employee" and "probationary employee" are defined thus:

*"PERMANENT EMPLOYEE*

"An employee who has passed the probationary period, who is entitled to all the benefits offered by the employer and who can not be discharged except on preferment of charges which shall be proved or for economic reasons affecting the industry or establishment."

*"PROBATIONARY EMPLOYEE*

"Generally, an employee who, according to the employment contract, is subject to a probation period and is not entitled to the benefits offered by his employer to his permanent employees."

 The legislative purpose of the provisions for unjustified discharge was to protect the permanent worker in his right to continue employed and not be arbitrarily removed, *P. R. Cap and Tires Sales* v. *District Court*, 68 P.R.R. 370, 374 (1948), on the basis of the express or implied condition existing in every labor contract that the employee shall comply with the duties of his employment competently, *Blanes* v. *District Court*, 69 P.R.R. 106 (1948). The probationary period in a labor contract precisely responds to the desire of the workman to show and of the employer to establish the skill and efficiency of the employee at the end of which period his services may be retained or not, depending on the employer's opinion of said ability. This protection was extended solely to employees who were not engaged in casual or incidental jobs and to those in a regular and continuous employment or when the services are not to

be rendered within a definite term, *Rodríguez* v. *District Court*, 65 P.R.R. 576 (1946).

When the service labor contract is for a definite term, the nonperformance on the part of the employer gives the right to a cause of action for the recovery of damages caused by the breach of contract. *Long Corporation* v. *District Court*, 72 P.R.R. 737 (1951), see § 1476 of the Civil Code, 1930 ed., 31 L.P.R.A. § 4114, which refers to field hands, mechanics and others workers hired for a certain time. In contracts without definite term labor legislation has been interpolated to prevent that when an employee is removed—who can not exercise the right of an action for breach of contract because it did not contain a definite term for rendering services—he may be left entirely unprotected economically until he procures and obtains a new job. However, even in the case of a contract with a definite term, the civil action for breach of contract may be subject to the employee's agreement to a probationary period, within which his services may be dispensed with, without his having a right of action. Otherwise, the contracting of workmen and employees for probationary terms would hold no meaning, for practically its sole effect is limited to the absence of causes of action in case of discharge.[4] *Cf.* GONZÁLEZ DE ECHAVARRI, *Comentarios al Código de Comercio y Jurisprudencia Española* 405–06 (1945); *Concepto Técnico-Jurídico del Despido, Revista de Derecho Privado* 117, Feb. 1961.

The appellant relies with great emphasis on the following language used in *Wolf* v. *Neckwear Corp.*, 80 P.R.R. 519, 521 (1958):

" . . . it is alleged that § 1 of Act No. 50 of April 20, 1949 (Sess. Laws, p. 126, 29 L.P.R.A. § 183), which establishes the right to receive as indemnity one month's salary whenever the employer discharges, without just cause, an employee who has

---

[4] Other consequences in the field of collective bargaining, such as the obligation to become affiliated to a union after the probationary period, are not object of consideration in this appeal.

been hired under a contract without a definite term, does not apply to the case at bar. The appellant maintains that the labor contract provided for a probationary period of one year, *and that, therefore, such contract was for a definite term.* The appellant is not right. Evidently, the clause of the probationary period does not mean that the duration of the contract would be one year. *It did not fix the term of duration of the contract.* [Italics ours.] Moreover, an employer can not evade the legal provision of monthly pay by including in the contract a clause which gives him the right to discharge an employee at any time and without just cause *if the labor contract is without a definite term."*

However, in our judgment the opinion quoted does not decide that a contract for services with a probationary period is one for an indefinite term. It merely holds that the contract involved in said case was such a contract because it was considered therein that "the clause of the probationary period does not mean that the duration of the contract would be one year." An examination of the contract in the *Wolf* case [5] shows that no probationary period was actually agreed upon and any classification in that sense was unnecessary.

█ In the present case a probationary period was expressly agreed upon at the end of which the appellant would acquire the status of permanent employee. Not until this permanency were obtained, the appellee could dicharge him within the probationary period without obligation to pay him

----

[5] The contract-letter of Neckwear Corporation addressed to Wolf read as follows:

"In reference to our conversation of yesterday we offer you the position of production manager with our organization with such responsibilities as would be necessary to that position. The salary would be $5,200 per year payable $100 per week.

"We would offer you transportation to an from New York City and salary for one week's vacation for the week you would be away.

"This arrangement would be for the first year. After the first year we would discuss any other additional arrangements.

"Please sign this letter at place indicated if you accept above terms. Please note that this letter is not a contract and can be terminated by either party at any time during the year."

the compensation for the discharge fixed by law.[6]

The writ issued will be set aside and the judgment rendered by the Superior Court, San Juan Part on October 5, 1960, will be affirmed.

---

[6] It goes without saying that the courts retain power to determine whether a probationary employee is involved in a specific case. The mere labelling in that sense is not controlling; it shall all depend on the circumstances as a whole.